UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA MAHER,

          Plaintiff,       **REPORT AND**
                    **RECOMMENDATION**
  -against-
                    CV 06-5073 (DRH) (ARL)
ALLIANCE MORTGAGE BANKING CORP., et al.,

          Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

  Plaintiff Jessica Maher ("Maher") brought this action against defendants Alliance Mortgage Banking Corp. ("Alliance") and Raymond Agoglia ("Agoglia") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3, et seq. ("Title VII"), N.Y. EXEC. § 296 and New York common law.  On June 13, 2008, District Judge Hurley ordered that Alliance's answer be stricken because Alliance had discharged its attorneys and refused to retain new counsel.  Maher subsequently filed a motion for default judgment against Alliance, which District Judge Hurley referred to the undersigned for an inquest on damages and attorneys' fees. The clerk of court has noted Alliance's default under Rule 55(a) of the Federal Rules of Civil Procedure.  Agoglia, who is not in default, subsequently filed a motion for summary judgment under Rule 56 that also seeks, if any state law claims survive, to remand this action pursuant to 28 U.S.C. § 1367(c).  For the reasons given below, the undersigned respectfully recommends deferring the inquest against Alliance until the court reaches final adjudication of Maher's claims against Agoglia.

  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty*

*Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). In order to determine the quantum of damages, a court may conduct an inquest by affidavit as long as the court can ensure "a basis for the damages specified in the default judgment." *Fustok v. Conti Commodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). However, when one but not all defendants have defaulted, "it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Montcalm Pub. Corp. v. Ryan*, 807 F.Supp. 975, 978 (S.D.N.Y. 1992) (citation and internal quotation marks omitted). The deferral of a damages inquest is mandated when joint and/or several liability is sought against both defaulting and non-defaulting defendants. *Id*. (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)); *see also Harvey v. Home Savers Consulting Corp.*, No. CV 07-2645 (JG)(SMG), 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (noting that, although *Frow* has been limited to only cases involving true joint liability, "courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations") (citations and internal quotation marks omitted).

Maher's complaint alleges that she was employed by Alliance from July 2004 to November 2005, where Agoglia was her supervisor. Maher's complaint further alleges that Alliance and Agoglia violated Title VII and state law as a result of Agoglia's repeated and unwanted sexual harassment. In a sexual harassment action brought under Title VII, "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the

2

employee." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Maher's claims thus rest solely upon Agoglia's alleged conduct, to which Maher argues that Alliance is vicariously liable due to its failure to "rectify the situation." (*See* Compl. ¶ 29.) Any liability would therefore be jointly shared amongst Alliance and Agoglia. Because Alliance is in default but Agoglia is not, this raises the strong possibility of inconsistent awards of damages if the court now proceeds with an inquest against Alliance.

Deferral of the damages inquest is also warranted due to Agoglia's pending motion for summary judgment. In the event that the court dismisses Maher's Title VII claims, Agoglia seeks to remand this action to state court. Going forward with the inquest against Alliance could thus lead to the problematic scenario of awarding damages while the court was divested of jurisdiction. Again, the remedy for such a scenario is simply to delay the inquest.

The undersigned therefore recommends deferring the inquest of Alliance until final adjudication of Maher's claims against Agoglia. Maher is ordered to mail a copy of this Report and Recommendation to Alliance at its last known address with return receipt requested, and to promptly file proof of service on ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within ten days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       January 8, 2009

**SO ORDERED:**

_____/s/_____
Arlene Rosario Lindsay
United States Magistrate Judge