```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JESSICA MAHER,

                        Plaintiff,                              **ORDER**
        -against-                                               06 CV 5073  (DRH) (ARL)

ALLIANCE MORTGAGE BANKING CORP.
and RAYMOND AGOGLIA,

                        Defendants.
----------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

On July 2, 2008, this Court granted Plaintiff's motion for an entry of default judgment against defendant Alliance Mortgage Banking Corp. ("Alliance") and referred the case to Magistrate Judge Arlene R. Lindsay, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages and attorneys' fees. On March 13, 2009, this Court adopted Judge Lindsay's Report and Recommendation that the inquest against Alliance be deferred until the Court reached a final adjudication of Plaintiff's claims against defendant Raymond Agoglia ("Agoglia"). On November 19, 2009, this Court "So Ordered" a Stipulation of Dismissal that dismissed all claims against Agoglia with prejudice, and referred the case to Judge Lindsay to proceed with the inquest as to Alliance. On August 9, 2010, Judge Lindsay issued a Report and Recommendation that judgment be entered against Alliance for the following amounts: (1) $170,000 in compensatory damages; (2) $36,591.50 in attorneys' fees; and (3) $1,990.68 in costs and disbursements, for a total sum of $208,582.18. On August 10, 2010, Alliance was served with a copy of the Report and Recommendation. More than fourteen days have elapsed since service of the Report and Recommendation. No party has filed any objections.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has

reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the Court adopts the August 9, 2010 Report and Recommendation of Judge Lindsay as if set forth herein with the following limited exception.

Judge Lindsay recommended denying Plaintiff's request for attorneys' fees for four hours of work completed by an unnamed "attorney 23" because Plaintiff did not make any "indication of who this attorney is, or what his or her credentials are." (R&R at 9 n.4.) Judge Lindsay further recommended that this Court grant Plaintiff "leave to supplement the papers with an affidavit providing a biography of 'attorney 23.'" (*Id.*) On August 25, 2010, after the fourteen-day period for the filing of objections had expired, this Court issued an Order providing that to the extent Plaintiff wished to supplement her request for attorneys' fees with a biography of "attorney 23," a supplemental affidavit had to be filed on or before August 30, 2010. Plaintiff has not provided any supplemental affidavit. Accordingly, Plaintiff's request for attorneys' fees for the four hours of work completed by "attorney 23" is DENIED.

The Court therefore directs that Plaintiff recover from Alliance the amount of $208,582.18, as itemized below, and that judgment be entered accordingly:

(1) $170,000 in compensatory damages;

(2) $36,591.50 in attorneys' fees; and

(3) $1,990.68 in costs and disbursements.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 1, 2010

/s/
Denis R. Hurley
Unites States District Judge